UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID HILL,

                Petitioner,        **No. 10-CV-0150(MAT)**

   -vs-                                 **DECISION AND ORDER**

STATE OF NEW YORK,

                Respondent.

---

## I. Introduction

Petitioner David Hill ("Petitioner" or "Hill"), proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254 vacating his 2006 New York State conviction, following a guilty plea, for robbery in the second degree.

## II. Factual Background

Petitioner's guilty plea satisfied an indictment charging him with two counts of robbery in the second degree, and one count of grand larceny in the fourth degree. The charges stemmed from an incident in which Petitioner and co-defendant Wayne K. Reefe ("Reefe") forcibly stole money from employees at the off-track betting establishment("the OTB") in the Town of Henrietta.

On January 10, 2006, Petitioner pled guilty to the first count of indictment (second degree robbery). Petitioner admitted that he drove to the OTB with Reefe, threatened the manager to open the safe and give him money, and then absconded with the money. As part of the plea agreement, the prosecutor promised not to charge Hill in connection with a separate knife-point robbery in the bathroom of the OTB that had occurred on November 7, 2004. Petitioner was

sentenced to an agreed-upon determinate term of three and one-half years imprisonment with five years of post-release supervision.

The only issues raised by Petitioner on direct appeal concerned his sentence. His conviction was unanimously affirmed and leave to appeal was denied. He then filed a pro se motion to vacate his conviction pursuant to New York Criminal Procedure Law ("C.P.L.") §440.10 in Monroe County Court arguing that he was not advised by trial counsel regarding the immigration consequences of his guilty plea. The motion was denied, and Petitioner did not seek leave to appeal.

Petitioner now seeks a writ of habeas corpus listing the following contentions: he was denied effective assistance of counsel, and the prosecution improperly used information from his co-defendant's guilty plea as evidence in the case against him.

### III. Jurisdiction

Petitioner filed the instant petition naming "State of New York" as the respondent. Habeas Rule 2 requires that "the petition must name as respondent the state officer who has custody." 28 U.S.C. § 2254, Rule 2(a). Respondent argues that Petitioner has not named any state officer and thus has failed to name the proper respondent in his petition, and therefore the petition must be dismissed. Although "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction[,]" Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994), the situation may be rectified by amending the petition to name the correct party. Accordingly, the

Court directs the Clerk of Court to amend the caption to name Calvin West, Acting Superintendent Elmira Correctional Facility, as the respondent in the matter.

**IV. Exhaustion**

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). The exhaustion of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000) (citing Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991)). A claim is properly exhausted when the state court is fairly apprised of the claim's federal nature and of the factual and legal premises underlying the claim. Grey, 933 F.2d at 119-20.

Respondent correctly argues that both of Hill's claims are unexhausted because he failed to appeal the denial of his C.P.L. § 440.10 to the Appellate Division, the highest court from which review may be sought with regard to the denial of such a motion. Petitioner could return to state court and file another C.P.L. § 440.10 motion and the court, in its discretion, could consider it on the merits. Because Hill still has an avenue open to him in state court, the claims remain unexhausted.

Hill's failure to exhaust the claims is not fatal to this Court's disposition of his application on the merits. Because the

Court finds the claims to be wholly meritless, it has the discretion to dismiss the petition notwithstanding Hill's failure to exhaust. See 28 U.S.C. § 2254(b)(2); Pratt v. Greiner, 306 F.3d 1190, 1197 (2d Cir. 2002).

**V.   Discussion of the Petition**

   **A.   Ineffective Assistance of Trial Counsel**

Relying upon Padilla v. Kentucky, ___ U.S. ___ , 130 S. Ct. 1473, 176 L. Ed.2d 284 (2010), Petitioner claims that he was denied the right to effective assistance of counsel due to his counsel's failure to advise him of the possible immigration consequences of his guilty plea. The C.P.L. § 440.10 court denied relief "for the reasons stated" in the prosecution's affirmation in opposition to the Petitioner's motion–namely, Petitioner could not demonstrate that he was prejudiced, because he was aware that he could be deported; and that counsel provided meaningful representation.

In Padilla, the Supreme Court held that petitioner's counsel engaged in deficient performance, as required to establish ineffective assistance under Strickland v. Washington, 466 U.S. 686 (1984), by failing to advise Padilla that his plea of guilty to drug distribution made him subject to automatic deportation. The Supreme Court observed that the consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and counsel's advice was incorrect. 130 S. Ct. at 1483.  The case was remanded to the state court to determine, in the first instance, whether Padilla could satisfy Strickland's prejudice prong. Id. at 1483-84.

Padilla was decided well after Hill pled guilty. Nevertheless, some courts have held that Padilla should be applied retroactively, see Teague v. Lane, 489 U.S. 288, 301 (1989), because it merely reaffirms an old rule (i.e., Strickland) in a particular factual setting. E.g., Marroquin v. United States, Civil Action No. M-10-156, 2011 WL 488985, at *5 (S.D. Tex. Feb. 4, 2011) ("The Court finds that the Supreme Court's holding in Padilla does not "break[ ] new ground," does not "impose[ ] a new obligation on the States or the Federal Government," and was "dictated by precedent existing at the time the defendant's conviction became final"-i.e., Strickland. Therefore, this Court concludes that Padilla does not announce a new rule and that Padilla is an extension of the rule in Strickland.").

Other courts have declined to do the same, concluding that Padilla established a new constitutional rule. E.g., Mendoza v. United States, ___ F. Supp.2d ___, 2011 WL 1226475, at *5 (E.D. Va. Mar. 24, 2011) ("[T]he rule announced in Padilla constitutes a new rule for purposes of Teague retroactivity. To be sure, it is clear that the result in Padilla 'was not dictated by precedent existing at the time [petitioner's] conviction became final.' Teague, 489 U.S. at 301 . . . . Padilla effectively overruled 'the longstanding and unanimous position of the federal courts . . . that reasonable defense counsel generally need only advise a client about the direct consequences of a criminal conviction.' Padilla, 130 S. Ct. at 1487 (emphasis in original) (citations omitted).").

The Court need not address this question because it is apparent that Hill knew that he could be deported as a consequence of his plea. See Brown v. United States, No. 10 Civ. 3012(BMC), 2010 WL 5313546, at *5 (E.D.N.Y. Dec. 17, 2010) (declining to address Teague retroactivity issues created by Padilla because defendant was aware of immigration consequences of his guilty plea and thus could not demonstrate prejudice under Strickland)

Here, the record demonstrates that Hill was aware of the possibility of deportation at the time he entered his guilty plea. In the context of the suppression hearing, Hill's defense counsel filed a motion with the trial court, extensively arguing that since Petitioner was a foreign national, he should have been apprised of his right under the Vienna Convention to consult with the Jamaican Consulate when he was arrested, and therefore his statement to the police was inadmissible. During the suppression hearing, defense counsel asked questions of the police officers regarding whether they informed Petitioner of the deportation consequences of being arrested and convicted. See Transcript of Suppression Hearing Conducted on 12/9/2005 at p. 47 (Q: "Did you have any conversations with Mr. Hill about his risk of being deported?" A: "No."); see also id. at p. 81).

Most significantly, Petitioner acknowledged the fact at sentencing when he stated, "As you already know, I am not a legal citizen, I'm not an American citizen and it's that, as part of your sentence, that I might get deported and will not be able to see my three children again or my family." Transcript of Sentencing

-6-

Hearing at p. 4. On this record, Petitioner cannot now argue that he was not at least aware of the possibility of deportation when he entered his guilty plea in January 2006. Therefore, he has failed to show how he was prejudiced by any alleged deficiencies on trial counsel's part. Accord Brown, 2010 WL 5313546, at *6 ("[W]hen a defendant learns of the deportation consequences of his plea from a source other than his attorney, he is unable to satisfy Strickland's second prong because he has not suffered prejudice."); Gonzalez v. United States, 10 Civ. 5463, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010) ("Assuming that Gonzalez's trial attorney failed to advise him that he could be deported as a result of pleading guilty, that failure was not prejudicial since, prior to accepting his plea, I advised Gonzalez that he could be deported as a result of his guilty plea.") (citing Strickland, 466 U.S. at 694 (holding that, to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); other citation omitted)).

    B.    **Improper Use of Co-Defendant's Statements**

In Paragraph No. 22(B) of the petition, which requests information regarding Hill's second ground for relief, he states that the "D.A. took information from co-defendant who is mentally challenged" and who was "sentenced to a mental home." Petitioner provides no further elaboration on the factual basis for this claim; nor does he cite any legal authority. Petitioner made

similar statements in his C.P.L. § 440.10 motion; however, as here, he did not set forth any facts in support of his claim.

First, this claim is entirely too vague to begin to state a colorable claim for relief. Such vague, conclusory and unsupported claims do not advance a viable claim for habeas corpus relief. Accord Skeete v. People of New York State, 03-CV-2903, 2003 WL 22709079, at *2 (E.D.N.Y. Nov. 17, 2003) ("Skeete's second claim is no more than a vague allegation that "numerous" violations and errors occurred at his trial. Skeete fails to offer even the most cursory description of these alleged errors. He offers no facts, nor any reference to the record.") (citing Maddox v. Lord, 818 F.2d 1058, 1061 (2d Cir.1987) (no hearing on a habeas petition is warranted when the petitioner's claims are merely "vague, conclusory, or palpably incredible") (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)).

Second, even if it stated a comprehensible claim, it would be foreclosed by Hill's voluntary guilty plea. "Generally, a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea." Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

## VI. Conclusion

For the reasons stated above, David Hill's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because Petitioner has failed to make a

-8-

substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

The Clerk of Court is directed to amend the caption to name Calvin West, Acting Superintendent Elmira Correctional Facility, as the respondent in the matter. The "State of New York" is hereby terminated as a party.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   July 8, 2011
         Rochester, New York